The final case for argument is 24-1951, Medivis v. Novarad. May it please the Court, Adam Steinmetz from Damaris LLP on behalf of the appellant, Medivis. Your Honors, in this case, the Board made a series of factual findings about what was disclosed in the Prior Art Jones reference, and those findings cover every single element of Claim 5. The Board found that— Did your petition make the argument that Jones Figures 21, 22, and 23 disclose Claim 5? So, the petition— That's a yes or no question. It did not say Figures 21, 22, and 23. It referenced Paragraph 121, which does describe Figures 21, 22, and 23. But it did not specifically mention Figures 21 through 23. I will say to that point, however, your Honor, at the oral argument, the counsel for Medivis did clarify that Figures 18 through 23 were all relied on and intended to be one call-out. But your Honor is correct. The petition does not reference Figures 21, 22, or 23. So, in order to reverse, as you're suggesting, or remand, we'd have to rely on evidence that the Board didn't consider, namely Figures 21, 22, and 23 of Jones, right? I think, your Honor, I think Medivis' petition was based on the multiple layers and Paragraph 121. And so, I think inherent in that argument was a reliance not just on Figure 18, which only shows one layer, but much like for Claim 6, for example, which also doesn't specifically reference Figures 21, 22, and 23. I think the argument in the petition for Claim 6 also was relying inherently on the description in Paragraph 121 of Figures 21 through 23. And the Board did go ahead and find that, I think it was Virtual Trajectory 1312, or it might have been Target Location 1314 for Claim 6, did teach all the elements. So, I think your Honors would have to conclude that the reliance on Paragraph 121 and the reference to multiple layers as shown in Figures 21 through 23 are further expounding on Figure 18. So, I think that's correct, your Honor. I will say the findings of the Board here were directed to different claim limitations and different claims than Claim 5, but they do encompass every single element of Claim 5. The Board found that Jones discloses multiple augmentation tags that are linked together, that represent anatomical structure in different layers of the medical image. That is Claim 5. Those findings, those factual findings of the Board are not disputed on appeal. There's no appeal on Claims 1, 2, 3, 4, 6, or 7. And so, the findings of the Board on those issues are final. In view of those factual findings, it's internally inconsistent for the Board to have found that every element of Claim 5 is disclosed in the prior art, and yet Claim 5 has been upheld. That's internally inconsistent in the Board's decision. The responses from NOVRAD here focus on a difference between identify and represent, and then questions about what was raised in the proceedings below. And I'd like to address both of those, if I may. So, with respect to identify versus represent, the argument from the other side is that the identify limitation of Claim 1E, of Element 1E, is distinct from the represent element of Claim 5. And I don't think there's a dispute that the two words have to mean different things. However, the specification itself, and this is at Appendix 107, Column 4, Lines 30 through 34, it describes specifically the Claim 5 embodiment, and it says, in some cases, a plurality of augmentation tags may be linked together to represent one anatomical structure. I'm sorry, can you give me the column number? Sure. That's Column 4, Lines 30 through 34 of the 807 patent. That's one of two relevant uses of the word represent. That is correct. That is one of two relevant uses, correct. And it says, represent one anatomical structure which crosses separate layers of the acquired medical image or radiological image. Can you give me a line? Sure. Lines 30 through 34. Sorry, Your Honor. And then critically, the next sentence, after it talks about how it represents anatomical structure in multiple layers, the next sentence then says, thus, each tag may identify that anatomical structure in a separate layer. So it is describing exactly how one represents anatomical structure in multiple layers. It does so by identifying it in each layer. Right. So I guess what I took away from this was everybody here is being somewhat careful about the difference between identify and represent. You don't want to dumb down represent to identify because you might actually be charged with infringement and maybe you have a product that doesn't represent, even if it identifies. And what this passage says is that a group of tags together may represent. And in that configuration, each tag identifies. Each tag doesn't represent the thing that the group represents. That's correct, Your Honor. But you never explained that to the board. So the earlier claims about one and three and so on are all about identifying something. The explanation that you gave at the oral argument to the board was clarified, I guess, that in one of the pictures, the virtual trajectory and the target were the tags. And what they did is identify, is it the bone? The bone model, yes. But more development is needed to introduce the idea of representing through a plurality and there just wasn't any more development. So why didn't the board properly say, you just haven't crossed this divide, which may not be a tremendous divide, but you just haven't crossed the divide into talking about this linked group of tags as representing? So I think, Your Honor, the use of the word represent in the specification here, when it's talking about identifying in each layer, I think the identification of the bone model, let's say we talk about the virtual trajectory, which would go through the bone model. If you pulled out layers within the bone model, you would have multiple layers of the image and the virtual trajectory would be an augmentation tag. The series of places where the virtual trajectory crosses each layer would be a group of, a plurality of augmentation tags linked together to represent that point on the bone model. I think the description in the specification here makes that argument almost inherent that if you identify the anatomical structure in each layer of the medical image, you are thereby representing the bone model. So I think that... Isn't that your problem? And I write the board's rejection of your claim that Jones anticipates five is on pages 49 to 50. That's correct, Your Honor. As I read, the reason why you lost is because you failed to explain why bone model 1302 is both an augmentation tag and a structure. It was established that it's a structure earlier, I think, in claim one or whatever, right? Yes, Your Honor. So they're basically saying you failed to show why the bone model is an augmentation tag. Correct. Right. Yes. And I don't see any argument in your brief at all anywhere where you explain why the board is wrong, why bone model is an augmentation tag. Right. We're not arguing that bone model is an augmentation tag. Then why don't you, I'm simple-minded, why don't you just lose? The only reason given by the board, this is a little bit like the last case, a very tense, terse, short, see if you can figure it out board explanation. But they said you lost because you failed to show that an augmentation tag, pardon me, that a bone model is an augmentation tag, period. Correct. And so I'm looking, so you don't respond to that. So why don't you lose? Well, the – I couldn't understand why it mattered. I don't know why you ever made the argument in saying the reason why there is anticipation is because the bone model is both. And I hear you talking a little bit to Judge Toronto now about why you think that's so, but I didn't see you presenting that to the board.  If Your Honor, and I think this goes to Judge Crow's question at the beginning, if Your Honor is looking for a description of the other augmentation tags, so to answer Your Honor's question, the board found that bone model 1302 is not an augmentation tag, that it had not, or at least that Medivis had not shown that bone model 1302 is not an augmentation tag. That's a factual determination and reviewed on substantial evidence. We have not challenged that finding on appeal. Isn't that the reason why you lost your anticipation argument? That is the reason why we lost it. What is there for me to do to help you? Because I think irrespective of whether bone model 1302 is an augmentation tag, there are findings that have been made by the board in its final written decision that other augmentation tags that were mapped, and I think this goes to the Unilock case. I have the Unilock case at this is 2021-537-0480, where this court said, it's a non-precedential case, but this court said that there's nothing improper about arguing that the prior act discloses particular claim language in several different ways. In claim element 1E and 1F. Don't you need to get to 21, 22, and 23 to make that argument? Well, claim limitation, figure 18 does show virtual trajectory 13-12, and it shows target location 13-14. So those are shown in figure 18. It shows 13-12 and 13-14. Yes. That's the only two, right? Sorry? 13-12 and 13-14. Yes, correct. Those are the only two. It does show 13-12 and 13-14, which are the virtual trajectory. So one of those is going to be the initial tag in the claim, and then the plurality is 13-14? The plurality would be, as I said at the beginning, would be the reference to paragraph 121 in Medevice's argument for claim 5, which is describing the multiple layers shown, yes, in figures 21 through 23. Now, just to re- 21 and 23 are showing additional layers at 13-34? Pardon me, 13-14? Yes, correct. They're showing 13-12 and 13-14 renumbered to 13-16. So we know that those are augmentation tags? So the board already found that this is where we get to the internal inconsistencies because the board did find that with respect to claim 6, for example, and this is where the problem lies, which is that with regard to the other limitations, these findings were all made. For claim 6, the board did find that a plurality of 2D representations of virtual trajectory 13-12 is shown, and Medevice argued it exactly the same way, referencing paragraph 121 and then figures 18 and 19, and the board already made that finding. So this is the point I was making, that these findings are already made and there's inconsistencies that are lying here. But claim 6 doesn't say they're augmentation tags. Claim 6 does say it's claimed almost identically to claim 5. But it doesn't talk about those layers as being tags. It does not talk about the layers as being tags, correct. That's what you're telling me they are. I'm telling you that the representation of virtual trajectory 13-12 and target location 13-14 are the augmentation tags. And that was argued in respect to— But there has to be a plurality of augmentation tags once you get the first augmentation tag that includes a plurality. Right, correct, Your Honor. And I think as the virtual trajectory goes through the various layers, you do see the virtual trajectory shown in, for example, figure 22. It's shown at one layer, and then at figure 23 it's shown at another layer.  Sorry? I don't know why those are augmentation tags as required by the claim. So, again, whether or not they are augmentation tags, that's a finding that, again, the board already made. This is on, let's say, appendix 51, for example, that a plurality of— 51? 51, appendix 51. With respect to claim 6, the board said a plurality of 2D representations of virtual trajectory 13-12 met the plurality of augmentation tags. Where are you on page 51? Yes, I'm on appendix 51. Which paragraph? Yes, the middle paragraph. It says we agree with Petitioner for similar reasons. It says that— In the middle for Bob, right? Discloses which limitation? Appendix 51, the second sentence of the— I'm sorry, the third sentence of the second— or the first full paragraph, I guess. First full paragraph. First full paragraph, sorry. We further agree that one of ordinary skill in the art would have understood that retrieving Jones's virtual trajectory 13-12 includes retrieving a plurality of 2D representations of virtual trajectory 13-12 that are linked together to show a surgical path of incision. That is the augmentation tag limitation of claim 6. But for claim 5, the board declined to make that finding, and it's internally inconsistent. That's the argument I make. I'm going to read the research. Sure. Let's see if we can get this up. Good morning. May it please the Court. Joseph Harmer on behalf of Appellee. We've reached the heart of the issue, which is good. To resolve this, it's important to appreciate the differences between identify and represent. And it's also important to note that there's no evidence or testimony on the record. Interpreting the terms identify and represent, these terms were never disputed, and that's because throughout the IPR proceeding, the petitioner, the patent owner, and the board were all on the same page. For example, in the petition, Metavis only argued that Jones' bone model satisfied the representation requirement of claim 5. That's at APPX 262. And petitioner's three-sentence argument begins with one sentence from Jones discussing how slices can be displayed and then concludes, quote, Accordingly, a POSA would have understood that retrieving 3D bone model 13-02 of figures 18 and 19 further includes retrieving a plurality of 2D representations of bone model 13-02 associated with layers of the acquired medical image. End quote. That's the entire argument. The third sentence... What page was that? That was at APPX 262. The third sentence is just a sentence from their expert, Kazanzides, who just repeats the same conclusion but doesn't provide any additional analysis. You'll notice that Metavis does not mention Jones' drill trajectory or target at all. Petitioner does not mention figures 21 through 23 of Jones. That's the same in petitioner's reply at APPX 471. Petitioner repeats its bone model theory. It says the polygons are linked together to represent the bone structure as Claim 5 requires. Again, there's no explanation of how polygons are augmentation tags or how they're linked together. All the way through the IPR proceeding, including oral argument, petitioner never argued that the drill trajectory or target of Jones or figures 21, 22, or 23 satisfy the representation requirement of Claim 5. It feels a little odd, right, because the board did, I think, with respect to Claim 3, deal with Jones, the figures 21, 22, and 23. So it feels a little odd, right, that the board was willing and did rely on those figures with respect to its analysis of other claims but not Claim 5. And I think the only answer you have is it's the petitioner's petition. I would say that it's also that the board understood the difference between identify and represent. If we take a look at the board's decision for Claim 1 and petitioner's argument, so at APPX 257, petitioner argued that Jones' bone model was the anatomical structure in the medical image, that the drill trajectory and target location were augmentation tags identifying the bone model. And the board accepted, I mean, the board was persuaded by that argument and concluded, we agree with, this is at APPX 36, and it continues to 37, we agree with petitioner that Jones discloses an augmentation tag. Specifically, we agree that Jones' virtual trajectory 13, 12, and target location 13, 14 are each an augmentation tag that identifies anatomical structure, namely bone model 13, 0, 2. The board also explained that target location 13, 14 identifies a point on bone model 13, 0, 2, and that virtual trajectory 13, 12 points to bone model 13, 0, 2, and therefore also identifies anatomical structure. The board then clarified the claimed augmentation tag need only identify at least one anatomical structure, not be anatomical structure itself. So the board understood the difference between the claim language in Claim 1, identify, and the claim language in Claim 5, which required... What page was that? That was at, I started on APPX 36 and finished on 37. So it was clear to the board that those claim terms are different and the requirements of Claim 1 and Claim 5 were different. Identify means 0.2, and that's enough. And so the target location and the drill trajectory all point to the bone model. But representation required more than that. It had to be more like the anatomical structure itself. And so, I mean, the board, when it turned to Claim 5, it had already decided that the bone model was anatomical structure. And so I didn't understand how it could find that the bone model was both the structure to be augmented and the augmentation tag. And so they found at APPX 50, Petitioner's terse argument does not explain why a bone model is both an augmentation tag and an anatomical structure in independent layers of the acquired medical image. Accordingly, Petitioner does not persuade us by a preponderance of the evidence that Jones anticipates Claim 5. It's very clear when you look at the board's decisions for Claim 1 and compare them to Claim 5 that the board appreciated the difference between the claim terms and the claim language. And the board couldn't agree that the bone model was both elements, anatomical structure and an augmentation tag. And so it found that the petitioner had not met its burden. And that finding is clearly supported by substantial evidence. And there is no inconsistency between the board's finding for Claim 1 and the board's finding for Claim 5. Unless there's any other questions on that issue, I'll move to the two arguments that they make for the first time on appeal. The first is that the virtual trajectory and target of Jones also satisfy the claim limitations of Claim 5. They argue that they made that argument during the oral argument phase of the IPR, and they cite to APPX 850. If you look at that part of the transcript, you'll see that the board asked Petitioner to walk through Figure 18 and identify augmentation tags, which counsel then did, identifying the virtual trajectory and the target of Jones. And then the board asked, and this is at line 9 of APPX 850. So just to be clear, you're saying it's the target location, 1314. And counsel responded, quote, I think it's a combination of 1312, which is the drill trajectory, and 1314, which is the target location. I mean, it could be either one, because either one is pointing to the bone model. So everyone that was participating in this IPR proceeding understood that identify meant point to, and represent meant more than that. It had to be a representation of anatomical structure that was created by a plurality of tags in each layer that were then combined together. There's a really good image of this in the patent at Figure 1E and 1F. 1E is an image of a kidney. It's a 2D slice of the torso of a person, and it identifies the kidney at 172. And that's an example of an augmentation tag identifying the kidney. Those slices are then combined together in Figure 1F to create a 3D representation of the kidney. So the final argument they make on appeal is that figures — yes, Your Honor. I assume it's your view that Figure 1C does not constitute a representation of an anatomical structure. In columns three and four, there's, what, three paragraphs about Figure 1C. And it's the last of those paragraphs that says, in some cases, a plurality of augmentation tags may be linked together to represent one anatomical structure. I didn't take that sentence to mean that that is what is shown in Figure 1C. 1C is not a plurality of tags that are combined together to represent anatomical structure. Those are just a series of steps that are performed by the surgeon at each layer. Perform procedure A, perform procedure B, et cetera. They reference Figure 1D, which you can see. Before they start talking about the kidney that I just talked about in Figure 1E and F, they talk about Figure 1D, which shows an augmentation tag of a circle in multiple layers and then shows that those augmentation tags can be combined together to create a cylinder or a 3D augmentation tag. It explains that before it goes on to the next page and shows the example of the kidney. If that answers your question, I'll move on to Figures 21 through 23. What is that star doing in Figure 1D? I don't know exactly off the top of my head. I think it's just an example of a type of tag. They discuss in the patent different geometrical shapes that could serve as 2D augmentation tags. With regard to Figures 21 through 23, again, there's no expert testimony interpreting these figures. We believe on that basis alone the court can dispose of this argument. Even if considered, let me tell you briefly why this argument also lacks merit. On page 58 of Petitioner's Opening Brief or Appellant's Opening Brief, Metavis writes, Figures 22 and 23 show a plurality of 2D representations of bone model 1302 associated with layers of the acquired medical image. That's just not correct. If you look at Figure 21, which is at APPX 1344, you'll see a figure of the bone model 1302. I'm just going to hold my arm up here for the bone model. And then a drill trajectory, like my pen, that points to a point on the bone model. And in between the insertion point of the drill bit and the bone model, there's a series of 2D slices along the trajectory. The purpose of that is to help the physician or the surgeon hit a target on the bone model. And so Figures 22 and 23 show front views of those slices. And they contain both a target location, which is 1316, and an impact location, 1314. The impact location is where the drill bit would hit the bone at its present location and orientation. And so it gives feedback to the physician so that he can adjust as he gets closer and closer to the bone model, so that the impact location and the target location are the same. It's APPX 1358, Paragraph 123, explaining what Figures 22 and Figures 23 mean. And that paragraph was not referenced at all by Petitioner. The bone model that they reference as being somehow linked together to create a 3D augmentation tag doesn't make sense, because 1302 is just the bone model itself. It's not necessarily in the slice. And so at the end of the day, Petitioner has not identified augmentation tags in Figures 21 through 23 that can be joined together to represent anatomical structure and independent layers. It just hasn't been done. So the Board's factual findings on Claim 1 and Claim 5 are entirely consistent. The Board's finding that Petitioner's argument was lacking is also supported by substantial evidence. A reasonable fact finder could have and would have arrived at the same conclusion based on the arguments presented today and those in our papers. The Court should deny the appeal and affirm the Byrd's decision. Thank you. Thank you, Your Honor. I'd like to first address Judge Prost's point, which is that that's precisely the basis for our appeal, is that in this case, the Board is, this is not a case, a forfeiture type case, where we're raising Figures 21 through 23 for the first time on appeal and the Board never had occasion to consider this. Nobody made any findings about the virtual trajectory or target location. The Board did dig into Figures 21, 22, 23. It made factual findings about the virtual trajectory and the target location, and those findings with respect to Claims 3, 4, 6 and 1E are inconsistent with the findings with respect to Claim 5 because Claim 5, every single element is shown. Those findings show all the elements of Claim 5. So this is not an occasion where the patent owner was caught off guard and wasn't aware that those figures are at issue. I would point, Your Honors, to page 384 of the appendix, appendix 384, where the patent owner itself makes the argument, I'll say conflating, but interchanging the words represent and identify. So the notion that everybody was on the same page about how represent and identify are two different things. I think the patent owner itself on 384 of the appendix makes note that one does represent anatomical structure by identifying it in the different layers. And the final point I would make is that to the extent that identify versus represent is the basis for the Board's decision, that discussion is not in the Board's final written decision. The Board does not say that the petitioner loses this claim because of an identify versus represent argument. And if that's the case, then the Board should make that finding and so we would ask for a remand for the Board to make that finding if that is in fact the case. Thank you.